USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

KELLY RIVAS,
    a/k/a "Grumpy,"

        Defendant.

- - - - - - - - - - - - - - - - x

SEALED INDICTMENT

19 Cr.

**19 CRIM 529**

### COUNT ONE

The Grand Jury charges:

**FACTUAL BACKGROUND**

1.    At all times relevant to this Indictment, KELLY RIVAS, a/k/a "Grumpy," the defendant, was a leader, member and associate of Mara Salvatrucha ("MS-13"), a transnational gang that operates in, among other places, El Salvador and the United States.

2.    MS-13 leadership, members, and associates have committed murder, malicious wounding with serious injury, serious assaults, kidnappings, firearms trafficking, extortion, and distribution of narcotics in interstate and international commerce, among other crimes.

3.    Within the United States, major MS-13 chapters, or "cliques," have been established in states throughout the country, including New York and Virginia. The Hollywood Locos Salvatrucha

("HLS") is an MS-13 clique that operates in the United States within Washington, D.C., Maryland, Virginia, New York, and elsewhere.

4. HLS members have committed murder and other acts of violence, and generated revenues on behalf of MS-13, including through robbery, extortion, firearms trafficking, and narcotics distribution.

5. HLS clique members, like members of other MS-13 cliques, are required to pay monthly dues, which MS-13 uses to support various gang activities and to provide funds to incarcerated MS-13 members.

6. During the time period of the Indictment, KELLY RIVAS, the defendant, was a member of HLS, and ultimately became a senior leader within HLS. Among other things, RIVAS was responsible for collecting dues from MS-13 members. RIVAS collected such dues and transmitted funds to other members of MS-13, including incarcerated MS-13 members, and MS-13 members in El Salvador.

7. MS-13 members were pressured to meet their dues payment obligations by any means necessary, including through criminal activities that would generate income, and MS-13 members who failed to pay dues were threatened and physically harmed. MS-13 members who tried to withdraw from the gang would be "green

2

lit" by the gang, meaning that the gang's leadership, including RIVAS, would authorize the gang to murder the withdrawing member.

### Conspiracy to Commit Extortion

8. From at least in or about 2013 to the present, in the Southern District of New York and elsewhere, KELLY RIVAS, a/k/a "Grumpy," the defendant, and others known and unknown, unlawfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in 18 U.S.C. § 1951(b)(2), by obtaining money and property from and with the consent of another person, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), to wit, RIVAS and co-conspirators used actual and threatened force, violence, and fear to collect and to attempt to collect dues from members of MS-13.

(Title 18, United States Code, Section 1951.)

### FORFEITURE ALLEGATION

9. As a result of committing the offense alleged in Count One of this Indictment, KELLY RIVAS, a/k/a "Grumpy," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and

3

personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

## Substitute Asset Provision

10. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code,

Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 981; Title 21, United
States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____        _____
FOREPERSON                              Geoffrey S. Berman
                                        United States Attorney

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KELLY RIVAS, a/k/a "Grumpy,"

Defendant.

### SEALED INDICTMENT

19 Cr. \_\_\_

(18 U.S.C. § 1951.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

*/signature/*
Foreperson.

KL
7/23/19

Sealed Indictment
Arrest Warrants Issued

Stewart D. Aaron
U.S.M.J.