UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

-v-

KELLY RIVAS

       Defendant.

------------------------------------------------------------

19 Cr. 529 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

  This order resolves a motion for temporary release from custody by a defendant awaiting sentencing in light of her heightened vulnerability to COVID-19. Defendant Kelly Rivas is currently incarcerated at the Metropolitan Detention Center ("MDC"), where several inmates have been infected with COVID-19. Ms. Rivas has a medical condition that her counsel claims "is particularly associated with those suffering with autoimmune conditions."[1] It does not appear, however, that she has been designated by the Bureau of Prisons as being at high-risk with respect to COVID-19. Ms. Rivas is detained pursuant to this Court's finding, at a bail hearing held August 22, 2019, that the Government had presented clear and convincing evidence that Ms. Rivas presented a danger to the community that could not reasonably be relieved by the imposition of bail conditions. On October 7, 2019, Ms. Rivas pled guilty to extortion conspiracy, in violation of 18 U.S.C. § 1951, involving conduct she undertook in connection with the MS-13 gang. Pursuant to a plea agreement, Ms. Rivas stipulated that a two-level

---

[1] Ms. Rivas's specific condition was identified in a submission to the Court filed under seal. The Government rightly points out that counsel's assertion about this condition's impact on the immune system is "made without any supporting authority either in the defendant's medical records or in any medical literature." The Court, however, need not reach this issue because it denies Ms. Rivas's application on separate and independent grounds.

Guidelines enhancement applies because her offense involved threats of bodily injury, and an additional three-level enhancement applies because she was a manager or supervisor in criminal activity involving five or more participants. Her sentencing is scheduled for June 18, 2020.

The Court denies Ms. Rivas's application for release. Following her guilty plea to an offense that qualifies as a crime of violence, Ms. Rivas's detention is now mandatory under 18 U.S.C. § 3143(a)(2), because her case does fit any of the limited exceptions to mandatory remand under that statute.[2] The sole avenue available to her in seeking release is therefore 18 U.S.C. § 3145(c), which supplies a limited exception to mandatory detention where, *inter alia,* "exceptional reasons" so justify. It provides, in relevant part, that: "A person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added).

Ms. Rivas, however, does not satisfy the conditions of release set forth in § 3143(a)(1). These require a finding by the court "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). Here, the Court has already held against Ms. Rivas on the issue of danger to the safety of the community. The Court did so at a point in this case when the Government bore the burden of proof by clear and convincing evidence, whereas today, following Ms. Rivas's guilty

---

[2] Defendants convicted of a crime of violence such as 18 U.S.C. § 1951 for which a maximum sentence of 10 or more years imprisonment is prescribed, must be detained pending sentence under § 3143(a)(2), unless the Court finds (1) that there is either a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the government has recommended that no imprisonment be imposed, *and* (2) that, by clear and convincing evidence, the defendant is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2); *id.* § 3142(f)(1)(A). Ms. Rivas does not meet either of these conditions.

plea, the burden is reversed. In her letter seeking release, Ms. Rivas, tellingly, does not at all address the issue of community safety, let alone argue that new information justifies a different outcome on that question. Counsel merely declares, *ipse dixit*, that "Ms. Rivas does not pose a danger to the community." Dkt. 23, at 6. The Court has already found to the contrary at the August 22 bail hearing, and reaffirms that finding here.

In light of this ruling, the Court does not have occasion to the consider the Government's alternative arguments for why Ms. Rivas does not satisfy § 3145(c), including that Ms. Rivas has not established that she is in a high-risk category with respect to COVID-19, and that the MDC is sufficiently equipped to attend to her needs.

The Court therefore denies Ms. Rivas's motion. The Clerk of Court is respectfully directed to terminate the motion pending at docket 23.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 9, 2020
       New York, New York